IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NERVIN EUCLIDES CORONADO,  :
                           :
         Petitioner        :
                           :
    v.                     :  CIVIL NO. 3:CV-17-483
                           :
CRAIG LOWE, ET AL.,        :  (Judge Conaboy)
                           :
         Respondents       :

**MEMORANDUM**
**Background**

Nervin Euclides Coronado, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Warden Craig Lowe of the Pike County Prison has been deemed to be the sole Respondent. Service of the petition was previously ordered.

Petitioner states that he is a native and citizen of the Dominican Republic who entered the United States on June 3, 1989 as a lawful permanent resident. See Doc. 1, ¶ 22. He subsequently married a United States citizen. While in this country, Coronado plead guilty to charges of conspiracy to commit bank fraud and conspiracy to impair, impede, obstruct and defeat the Internal Revenue Service. He was sentenced to a one year and a day term of imprisonment on August 15, 2013 in the United States District Court for the Eastern District of New

1

York. After completing service of his resulting federal criminal sentence on February 11, 2016, Petitioner was apparently transferred into ICE custody. See id. at ¶ 36.

An immigration judge ordered Petitioner's removal from the United States on June 6, 2016. See Doc. 6-1, p. 12. Petitioner appealed that decision to the Board of Immigration Appeals (BIA) which denied relief on October 7, 2016. However, the record indicates that Petitioner has appealed that adverse decision to the United States Court of Appeals for the Third Circuit. See id. at ¶ 39. As such, Coronado is not yet subject to a final order of removal. According to the Respondent, the Court of Appeals has granted Petitioner's request for a stay of removal. See Doc. 6, p. 3.

Petitioner's pending action indicates that he has been detained by ICE for a period of over thirteen (13) months. Coronado's petition challenges his indefinite mandatory detention pending removal. As relief, Petitioner seeks either his immediate release or an individualized bond hearing. See Doc. 1, p. 16.

Respondent's response to the petition concludes that "[i]f the court determines that a discretionary bond hearing is warranted under the facts and circumstances of this case, Respondents will coordinate with the Immigration Court to schedule a bond hearing before an immigration judges as expeditiously as possible." Doc. 6, p. 6. For the reasons set

forth below, the Court will grant the petition and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

## Discussion

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment and. 8 U.S.C. Section 1226(c) clearly requires that, prior to a final removal order, an alien may be detained without being afforded a bond hearing. However, this "mandatory detention" provision is not without limits.

In Demore v. Kim, 538 U.S. 510, 531 (2003), the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." The United States Court of Appeals for the Third Circuit has interpreted Demore and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011). Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued

detention is necessary to fulfill the purposes of the detention statute." Id. at 233.

A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Id.; see also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Diop, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit Court of Appeals, in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in Diop as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine

4

whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic may preclude a finding of unreasonable detention.[1] Chavez-Alvarez, 783 F.3d at 476.

In Chavez-Alvarez, the Court of Appeals found that "beginning sometime after the six-month timeframe considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.

Respondent recognizes that based upon Chavez-Alvarez, Coronado may be entitled to an individualized bond hearing based upon the duration of his ongoing ICE detention. This Court agrees and also notes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See,

---

[1] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. Id.

5

e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.). Since the Respondent does not oppose Petitioner's pending request and because the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under Chavez-Alvarez, the Court orders that an immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date of this Memorandum.

**Conclusion**

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the instant petition for writ of habeas corpus, and order that Coronado be provided an individualized bond hearing within thirty (30) days of this decision. An appropriate Order shall follow.

RICHARD P. CONABOY
United States District Judge

DATED: MAY 2nd, 2017

FILED
SCRANTON

MAY 0 2 2017

Per_____
DEPUTY CLERK

6